UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

CIVIL ACTION NO. 5:25-CV-161-JHM

KEITH B. HARRIS                                                              PLAINTIFF

v.

GARRICK LAMB, *et al.*                                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Keith B. Harris filed this *pro se* civil-rights action. [DN 1]. The complaint is before the Court on an initial review pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will allow one claim to proceed and dismiss some claims.

**I.**

Plaintiff is a pretrial detainee housed at the Southeast State Correctional Complex. He sues Caldwell County Deputy Sheriff Garrick Lamb in his individual capacity, Princeton Police Department, and Princeton Dollar General Store Manager Zachary Payne. Plaintiff alleges violations of his Fourth and Fourteenth Amendment rights.

Plaintiff first alleges that on January 30, 2024, he was unlawfully arrested and charged with possession of a methamphetamine by Defendant Lamb. Plaintiff asserts that the arrest occurred after an employee of the Princeton Dollar General Store picked up a substance from the floor and reported to Defendant Payne that it fell out of Plaintiff's pocket. Defendant Payne called law enforcement, and Defendant Lamb subsequently arrested Plaintiff for possession of methamphetamine. Plaintiff alleges that Defendant Lamb, in relying on the information from Defendant Payne, wrongfully arrested Plaintiff in violation of the Fourth Amendment. Plaintiff complains that the substance had

not been field-tested, the chain of custody of the substance had been broken, and Defendant Lamb did not have "conclusive evidence" that Plaintiff was in possession of the substance.

Plaintiff also alleges that on July 2, 2025, he "presented to the Hon. Court and all parties involved . . . a pleading to dismiss the charge against" him and gave the Commonwealth "(10) days from the date the pleadings were received to make an affirmative pleading response." [DN 1 at 5]. Plaintiff argues that Defendant Princeton Police Department "abandoned the case by failing to assert an affirmative pleading in response. . . ." [*Id.*].

As relief, Plaintiff seeks damages, release from prison, and his charges dropped.

On April 2, 2024, Plaintiff was indicted in Caldwell Circuit Court for possession of a controlled substance (methamphetamine). *See Commonwealth v. Harris*, Criminal Action No. 24-CR-018. This criminal action is currently pending.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-

pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Princeton Police Department

The Princeton Police Department is not a "person" subject to suit under § 1983 because municipal departments, such as police departments, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Servs.*, No. 99-6706, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this

situation, the City of Princeton is the proper Defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). The Court therefore will construe the claim against Defendant Princeton Police Department as a claim brought against the City of Princeton. *See Matthews v. LMPD*, No. 3:19-CV-P581-RGJ, 2019 WL 5549209, at *2 (W.D. Ky. Oct. 25, 2019).

### B. The City of Princeton

When a § 1983 claim is made against a municipality, such as the City of Princeton, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality as an entity is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff does not allege a policy or custom that was the moving force behind the alleged constitutional violations.[1] Accordingly, the Court will dismiss the claims against the City of Princeton for failure to state a claim upon which relief may be granted.

### C. Defendant Payne

Plaintiff also sues Zachary Payne, who is the manager of the Princeton Dollar General Store, for calling the police regarding drugs found at the store leading to Plaintiff's subsequent arrest for possession of methamphetamine. Defendant Payne is not a state actor for purposes of § 1983. The

---

[1] In as much as Plaintiff argues that because the Commonwealth Attorney failed to respond to Plaintiff's *pro se* motion to dismiss the charge filed in his state criminal action, the Court would note that neither the Princeton Police Department nor the City of Princeton is responsible for the alleged failure. The Commonwealth Attorney is not an employee of either entity.

4

law is clear that "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)); *see also Boykin v. Van Buren Twp.,* 479 F.3d 444, 452 (6th Cir. 2007) (indicating that private security guards, who merely called police regarding a suspected shoplifter, were not state actors for purposes of § 1983). Therefore, Plaintiff's § 1983 claims against Defendant Payne must be dismissed for failure to state a claim upon which relief may be granted.

### D. Fourth Amendment Claim against Defendant Lamb

Plaintiff's claim of wrongful arrest against Defendant Lamb relates to rulings that will likely be made in his pending criminal action in the Caldwell Circuit Court, *Commonwealth v. Harris*, Criminal Action No. 24-CR-018, in which he faces this drug charge.[2]

In *Heck v. Humphrey*, the Supreme Court held that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. 477, 486 (1994). *Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

Such claims in pending civil cases should be stayed pending the outcome of the criminal case. The Supreme Court explained:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal

---

[2] The Kentucky Court of Justice online court records are available at https://kcoj.kycourts.net/kyecourts. A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969).

5

trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

*Wallace v. Kato*, 549 U.S. 384, 393 (2007); *see also Stiff v. Straman*, No. 3:24-CV-P609-JHM, 2025 WL 837076, at *2 (W.D. Ky. Mar. 17, 2025). Accordingly, the Court will stay this case regarding Plaintiff's claim of wrongful arrest against Defendant Lamb.

### E. Injunctive Relief

Plaintiff also seeks release from prison and his charges dropped. Plaintiff's requests will be dismissed since these are not available remedies under § 1983. *See Heck*, 512 U.S. at 477 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come with the literal terms of § 1983.").

### IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

1. The Court will allow Plaintiff's Fourth Amendment claims of wrongful arrest to proceed against Defendant Lamb in his individual capacity. This claim is **STAYED** pending completion of his pending state-court criminal case.

2. Plaintiff's claims against the City of Princeton, Zachary Payne, and his injunctive-relief claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

3. The Clerk of Court is **DIRECTED** to terminate the City of Princeton and Zachary Payne as parties to this action.

4.      Plaintiff shall notify the Court in writing **within 30 days** of the final disposition of the state-court criminal action against him as it relates to the continuing claim in this case.  Plaintiff is **WARNED** that his failure to do so will result in dismissal of the civil action.  Until the stay of this action is lifted, the Court will not consider any motions or other filings.

5.      Should Plaintiff change addresses during the pendency of this stay, he must provide written notice of a change of address to the Clerk of Court.  *See* LR 5.3(e).

6.      Plaintiff is **WARNED** that his failure to notify the Clerk of Court of any address change or failure to comply with this or any subsequent order of the Court **MAY RESULT IN A DISMISSAL OF THIS CASE**.

Date: January 12, 2026

*signature*

Joseph H. McKinley Jr., Senior Judge
United States District Court

.

cc:     Plaintiff, *pro se*
4414.014