**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

CIVIL ACTION NO. 5:25-CV-161-JHM

KEITH B. HARRIS                                                                    PLAINTIFF

v.

GARRICK LAMB, *et al.*                                                    DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Keith B. Harris filed this *pro se* civil-rights action. [DN 1]. By prior Memorandum Opinion and Order, the Court issued a stay of the action pending the disposition of the state-court criminal case against Plaintiff. Because Plaintiff has now been sentenced in the criminal case, **IT IS HEREBY ORDERED** that the **STAY** is **LIFTED**. The complaint is once again before the Court on an initial review of the remaining claim pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I.**

At the time he filed suit, Plaintiff was a pretrial detainee housed at the Southeast State Correctional Complex. He sued Caldwell County Deputy Sheriff Garrick Lamb in his individual capacity, Princeton Police Department, and Princeton Dollar General Store Manager Zachary Payne. Plaintiff alleged violations of his Fourth and Fourteenth Amendment rights. Plaintiff maintained that on January 30, 2024, he was unlawfully arrested and charged with possession of a methamphetamine by Defendant Lamb. Plaintiff asserted that the arrest occurred after an employee of the Princeton Dollar General Store picked up a substance from the floor and reported to Manager Payne that it fell out of Plaintiff's pocket. Payne called law enforcement, and Defendant Lamb subsequently arrested Plaintiff for possession of methamphetamine. Plaintiff alleged that Defendant Lamb, in relying on

the information from Payne, wrongfully arrested Plaintiff in violation of the Fourth Amendment. Plaintiff complained that the substance had not been field-tested, the chain of custody of the substance had been broken, and Defendant Lamb did not have "conclusive evidence" that Plaintiff was in possession of the substance. On April 2, 2024, Plaintiff was indicted in Caldwell Circuit Court for possession of marijuana and first-degree possession of a controlled substance (methamphetamine).

On initial review, the Court dismissed Plaintiff's claims against the Princeton Police Department and Manager Payne pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. The Court permitted Plaintiff's Fourth Amendment unlawful arrest charge to proceed against Defendant Lamb in his individual capacity and stayed the claim pending completion of Plaintiff's pending state-court criminal case. *See Commonwealth v. Harris*, Criminal Action No. 24-CR-018 (Caldwell Circuit Court).[1]

At the Court's direction, on March 13, 2026, Plaintiff filed a status report informing the Court that he accepted a plea agreement in his state-court criminal action to possession of marijuana and to a lesser offense of second-degree possession of a controlled substance. [DN 8]. A review of the state-court criminal action reflects that Plaintiff's final sentencing in the matter occurred on March 10, 2026.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be

---

[1] The Kentucky Court of Justice online court records are available at https://kcoj.kycourts.net/kyecourts. A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969).

granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Plaintiff's claim of wrongful arrest against Defendant Lamb is barred by the principles set forth in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). In *Heck*, the Supreme Court held that a state prisoner could not state a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner showed that the conviction or sentence had been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* (footnote omitted). "[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486. This principle holds true whether the plaintiff seeks damages or equitable relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (A "prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Plaintiff's Fourth Amendment claim for wrongful arrest calls into question the validity of his conviction. "A finding of a Fourth Amendment violation concerning the [Plaintiff's] arrest[] would necessarily imply the invalidity of [his] conviction[]; thus, [his] unlawful arrest claims are not cognizable under § 1983 because [his] conviction[] ha[s] not been reversed, expunged, or invalidated by any court." *Martin v. Girard*, 215 F.3d 1327, 2000 WL 658326, at *2 (6th Cir. 2000); *see also Hobson v. Turner*, No. 3:18-CV-P187-DJH, 2020 WL 967347, at *3 (W.D. Ky. Feb. 27, 2020); *Bell v. Biven*, No. 2:12-CV-15077, 2019 WL 1785352, at *5 (E.D. Mich. Apr. 23, 2019) (denying a plaintiff's motion to reopen his stayed/administratively closed 42 U.S.C. § 1983 action for false arrest as futile under *Heck* because his conviction had not been overturned on appeal, his petition for a writ of a habeas corpus was not currently successful, and his conviction had not otherwise been terminated in his favor). Essentially, "pleading guilty to a criminal charge estops the plaintiff from challenging probable cause for the arrest for that violation for purposes of a section 1983 claim." *Ward v. Borders*, No. 3:16-CV-393-RGJ-RSE, 2022 WL 4237501, at *3 (W.D. Ky. Sept. 14, 2022) (quoting *Helfrich v. City of Lakeside Park*, No. CIV. A. 2008-210 WOB, 2010 WL 3927475, at *1 (E.D. Ky. Oct. 4, 2010)).

4

Because Plaintiff's conviction has not been reversed on appeal or called into question in any of the ways articulated by *Heck*, he cannot proceed with this claim. Accordingly, Plaintiff's claim for wrongful arrest will be dismissed for failure to state a claim.

**IV.**

For the reasons set forth herein, the Court will dismiss this action by separate Order.

Date: March 31, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiffs, *pro se*
4414.014